UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN EDWARD GRAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-01799** |
| **JUDGE DONALD ROWAN, 24TH JDC ET. AL** | **SECTION "J" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.   Factual Summary**

On October 18, 2021, Plaintiff, Stephen Gray, who is housed at Lafourche Parish Sheriff's Office, filed the subject complaint pursuant to Title 42 U.S. C. § 1983. He asserts claims against Judge Rowen of the 24th Judicial District Court ("JDC"), Parish of Jefferson, Magistrates Patricia Joyce, and Ruben Bailey of the 24th JDC , Theresa Piglia, a "Public Hearing Officer", Attorney Debra Kesler, and the Clerk of Court for 24th Judicial District Court, Jon Gegenheimer.   Rec. doc. 1.   Rowen alleges that the defendants violated his rights "as a man and father."   He alleges that the defendants took it upon themselves to decide if he could be in his son's life while he was in jail. Gray alleges that he has spent 65 days in Jefferson Parish Correctional Center but it's unclear if it was the result of the Protective Order or another order. *Id*. Gray contends that since 2019, Judge Bailey granted Laura Bordelon a Protective Order with no evidence or proof. *Id*. He alleges

that the defendants have taken away his rights and liberty to keep him from his son and also engaged in extortion. The alleged extortion consisted of him being presumably subject to supervised visitation which required him to pay $80 dollars for the supervisor to watch the visit. Consequently, he claims that he was limited in how often he could see his son due to the expense. Further, he was limited to a time limit of two hours per week if he could afford it.

Gray alleges that these public officials have committed multiple crimes, extortion, conspiracy, treason, malfeasance, abuse of power against him and several others. Gray alleges that the defendants have violated the oaths they took to uphold the constitution and that someone even impersonated an officer; although he does not explain who the person was.

Gray alleges that he has requested that "they," all the defendants, recuse themselves from all of his claims. Gray further alleges that his allegations can be backed up by affidavit allocated in his file with case number 748-447. Gray contends that he had a subpoena issued requesting every document which would reflect all the "worry" and corruption the 24th JDC officials have committed. He alleges that they violate their state charter as well, which should be revoked. Gray states that if more information is needed, he will add it as soon as he is released from the Lafourche Parish Correctional Center in Thibodeaux, Louisiana. Gray seeks restoration of his visitation and custody of his minor son. He further seeks to remove each of the defendants from office and require them to pay for his pain and suffering and false imprisonment for 65 days in the amount of 65 million dollars.

**II.    Standard of Review**

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.

2

1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir.1994). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992). In making this determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327; *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

**III.** <u>Analysis</u>

Gray has filed suit against six (6) defendants, five (5) of whom are public officials; Judge Rowan, Magistrates Joyce and Bailey, Hearing Officer Piglia and Clerk of Court Gegenheimer. The claims against these defendants are frivolous for the reasons assigned below.

First, Gray has named Clerk of Court Gegenheimer as a defendant but fails to assert any specific allegations against him. Nevertheless, even if he was able to assert claims arising out of Gegeheimer's performance of his job, Gegeheimer is immune from suit.

Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). Court clerks have "only qualified immunity for those routine duties not explicitly commanded by a court decree or by the judge's instructions. *Clay v. Allen*, 242 F.3d 679 (5th Cir. 2001) (citing *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980)); *see also Evans v. Suter*, 260 Fed. Appx. 726, 727 (5th Cir.2007) ("Clerks have absolute quasi-judicial immunity...when they perform tasks that are an integral part of the judicial process.")

In this case, while Gegenheimer is named and generally accused of participating in the removal of Gray's parental rights, there are no specific allegations against him. Nonetheless, the implication is that the problem that Gray has with the clerk is regarding the performance of his job. To the degree that Gegenheimer performed a duty in compliance with a court order, he is absolutely immune from liability from suit and claims against him are frivolous. Although not complained of by Gray, to the degree that he is named because he was issued a subpoena for the production of the records in 748-447, there is no evidence or allegation that he failed to honor the subpoena such that if Gray intended to make such an allegation it fails to state a claim for which relief may be granted.

Second, Gray has sued Judge Rowan for issuing a protective order against him which placed restrictions on his ability to spend time with his son. However, the claim against Judge Rowan is frivolous for the reasons ascribed below.

"Despite the broad terms of § 1983," the Supreme Court "has long recognized" that immunity doctrines protect certain potential defendants from liability under the statute. *Rehberg v. Paulk*, 566 U.S. 356, 132 S.Ct. 1497, 1502, 182 L.Ed.2d 593 (2012). For example, judges are

4

absolutely immune from monetary liability "for all judicial acts that are not performed in the clear absence of jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), cert. denied, 492 U.S. 921, 109 S.Ct. 3250, 106 L.Ed.2d 596 (1989) (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). This is so because of the "special nature" of a judge's responsibilities. *Id*. (quoting *Butz v. Economou*, 438 U.S. 478, 511, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)).

Absolute immunity "help[s] guarantee an independent, disinterested decision-making process" by "prevent[ing] harassment and intimidation that could otherwise result if disgruntled litigants—particularly criminal defendants and inmates...could vent their anger by suing... the person or persons who rendered an adverse decision." *Id*. at 996–97 (citations omitted).

In determining whether an official is entitled to absolute quasi-judicial immunity, courts must take a "functional approach"—looking to "the nature of the function performed, not the identity or title of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

Consistent with this "functional approach," courts often hold that other judicial employees, such as clerks of court, law clerks, and others, enjoy absolute quasi-judicial immunity when "performing a discretionary act or... a ministerial function at the direction of the judge." *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir.1980) (quoting *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir.1975)); *Bliven v. Hunt*, 579 F.3d 204, 214 (2d Cir.2009) (granting absolute immunity to family court staff attorneys); *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir.1988) ("[F]or purposes of absolute judicial immunity, judges and their law clerks are as one.").

In this case, Gray alleges that Judge Rowan issued a protective order that only allowed him limited visitation with his child for two (2) hours. He alleges that he had to pay $80 per hour and only if he could afford it. Gray clearly seeks to hold Judge Rowan liable as a result of his judicial decision for which the judge is absolutely immune from liability. Therefore, the claim against Judge Rowan is frivolous and subject to dismissal.

Third, Gray sued Magistrates Patricia Joyce and Ruben Bailey. It is unclear from the record what rights either of these defendants violated.

Like judges, judicial employees are absolutely immune when they act, whether "in bath faith or with malice" pursuant to a court order or a judge's instructions because the employee is "act[ing] as the arm of the judge and comes within his absolute immunity." *Williams*, 612 F.2d at 985; accord *Johnson*, 870 F.2d at 998 (describing parole board members as "serving essentially as the arm of the sentencing judge"); *Severin v. Parish of Jefferson*, 357 Fed. Appx. 601, 605 (5th Cir.2009) (granting absolute immunity to "employees of the Louisiana Fifth Circuit Court of Appeal who acted pursuant to the procedures allegedly implemented by the judges").

Presumably the claims against Magistrates Joyce and Bailey arise out of the performance of their jobs. However, because Gray generally asserts allegations there are no specific claims against these defendants such that he fails to state a claim for which relief may be granted. To the extent that the claim arises out of their role as magistrates, either issuing orders or recommendations, they would be absolutely immune from suit by Gray.

Fourth, Public Hearing Officer, Theresa Piglia, is sued by Gray as well. As for Piglia, it is well settled that a hearing officer is protected by absolute immunity for actions taken in their judicial/official capacity. *See In re Foust,* 310 F.3d 849, 855 (5th Cir.2002) (citing *Mays v.*

*Sudderth*, 97 F.3d 107, 109–113 (5th Cir.1996)); *see also Cleavinger v. Saxner*, 474 U.S. 193 (1985) (professional hearing officers). Essential policy considerations support this grant of absolute judicial immunity. These individuals' roles in the judicial system require that they enjoy the "freedom to determine the law unfettered by the threat of collateral attacks" against them personally. *Mays*, 97 F.3d at 111.

It is unclear from the record what order or recommendation Piglia made to the State Court District Judge.  However, to the degree that Gray believes that he is aggrieved because of a decision or recommendation made by Piglia, she is absolutely immune from being sued. Gray fails to state a claim against Piglia for which relief could be granted and to the degree it arises out of role as hearing officer she is immune from suit.

Finally, Gray named Debra Kesler a family law attorney as a defendant.  While he includes her in the group as public officials, he does not define the capacity in which she is involved as a public official. To the degree she is a private attorney who he has not retained but who played a role in securing the protective order, his claim against her is frivolous.

Attorneys, whether privately obtained or publicly appointed, are not state actors as a matter of law for purposes of a § 1983 claim. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Small v. Dall. Cty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (citing *Hudson v. Hughes*, 98 F. 3d 868, 873 (5th Cir. 1996). Kesler, therefore is not a state actor that can be held liable under § 1983, Plaintiff's § 1983 claims against her must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

### IV.     RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff, Stephen Edward Gray's claims against Defendants, Judge Donald Rowan, Magistrates Patricia Joyce and Ruben Bailey, Hearing Officer Theresa Piglia, Clerk of Court Jon Gegenheimer and Attorney Debra Kessler be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 30th day of September 2022.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.